UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIA COLLADO, MARINO LALANE,
JOSE COLLADO, DELMIRA BAEZ, and
CARMEN LOPEZ,

                              Plaintiffs,

        -against-

946 BUSHWICK AVENUE, LLC,
SAFEGUARD REALTY MGNT, INC.,
GRAHAM JONES, and BENJAMIN SOPKIN,

                              Defendants.
------------------------------------------------------------X

**COMPLAINT**



**CV 16-07173**

**GLASSER, J.**

**BLOOM, M.J.**

## PRELIMINARY STATEMENT

1.     Plaintiffs MARIA COLLADO, MARINO LALANE, JOSE COLLADO, DELMIRA BAEZ, and CARMEN LOPEZ ("Plaintiffs") seek injunctive and declaratory relief to protect their right to accessible living space during the planned replacement of the sole elevator in their six-story building.

2.     Plaintiffs are rent-stabilized tenants at 946 Bushwick Avenue, Brooklyn, New York 11221 ("946 Bushwick Avenue") who are disabled and mobility-impaired. Plaintiffs cannot safely or reasonably climb up to six flights of stairs to their apartment because they suffer from disabilities including arthritis, colon cancer, diabetes, high blood pressure, and asthma. Plaintiff Maria Collado is 84 years old and has been bound to a wheelchair for the past 8 years. These disabilities affect their breathing and have weakened their bodies such that it is painful and they lack the body strength to ascend or descend stairs independently.

3. Plaintiffs must leave their apartments multiple times a day for essential necessities such as picking up groceries, doing laundry, taking out garbage, picking up medication, and visiting their doctors.

4. Defendants, who are the owners and parties responsible for the building, intend to take the elevator out of service on January 2, 2017, for an estimated period of four to six months, effectively trapping Plaintiffs in their homes.

5. Defendants have refused to offer or agree to any reasonable accommodations.

6. By failing to provide access to their apartments, common areas, and other facilities within the premises, and failing to offer any reasonable accommodations, Defendants have violated Plaintiffs' rights under the Fair Housing Act, the New York State and New York City Human Rights Laws, and the regulations promulgated there under.

## JURISDICTION AND VENUE

7. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for civil actions arising under the laws of the United States, 28 U.S.C. § 1343 for actions under laws providing for the protection of civil rights, and 28 U.S.C. § 1367 for related state and local claims.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b). The Eastern District of New York is the judicial district in which Defendants do business at their executive office located at 946 Bushwick Avenue, Brooklyn, NY 11221 according to the Multiple Dwelling Registration filed with the New York City Department of Housing Preservation and Development ("HPD").

## PARTIES

2

9. Plaintiff MARIA COLLADO is a disabled, mobility-impaired, 84-year-old tenant who has lived at 946 Bushwick Avenue, Apartment B7, Brooklyn, NY 11221, for approximately 25 years. Ms. Collado has been bound to a wheelchair for 8 years and cannot walk.

10. Plaintiff MARINO LALANE is a disabled, mobility-impaired, 69-year-old tenant who has lived at 946 Bushwick Avenue, Apartment B8, Brooklyn, NY 11221, for approximately 38 years. Mr. Lalane suffers from colon cancer, appendicitis, arthritis, asthma, diabetes and cataracts.

11. Plaintiff JOSE COLLADO is a disabled, mobility-impaired, 54-year-old tenant who has lived at 946 Bushwick Avenue, Apartment C8, Brooklyn, NY 11221, for approximately 22 years. Mr. Collado suffers from diabetes, which causes sores and blisters on his feet.

12. Plaintiff DELMIRA BAEZ is a disabled, mobility-impaired, 84-year-old tenant who has lived at 946 Bushwick Avenue, Apartment F2, Brooklyn, NY 11221, for approximately 32 years. Ms. Baez lives alone and suffers from joint weakness.

13. Plaintiff CARMEN LOPEZ is a disabled, mobility-impaired, 59-year-old tenant who has lived at 946 Bushwick Avenue, Apartment F3, Brooklyn, NY 11221, for approximately 34 years. She lives with her husband who has high blood pressure and had stents placed in his arteries. They both suffer from knee joint weakness.

14. Upon information and belief, Defendant 946 BUSHWICK AVENUE, LLC.("Defendant 946 Bushwick Avenue") is the corporation owner of the property known as 946 Bushwick. It maintains its Principal Executive Office at 156 Fifth Avenue, 4th Floor, New York, NY 10010, as registered with the New York State Department of State, and/or 120 West 31st Street, 6th Floor, New York, NY 10001, as registered with HPD in its Multiple Dwelling Registration.

15. Defendant SAFEGUARD REALTY MGMT, INC. ("Defendant Safeguard Realty") is the Managing Agent of the property according to the Multiple Dwelling Registration filed with HPD. According to the registration information, Defendant Safeguard Realty maintains an address at 120 West 31st Street, 6th Floor New York, NY 10001.

16. Defendant JONES GRAHAM ("Defendant Graham") is the Head Officer of Defendant 946 Bushwick Avenue according to the Multiple Dwelling Registration filed with HPD. According to the registration information, Defendant Graham maintains an office at 156 Fifth Avenue, 4th Floor, New York, NY 10010.

17. Defendant SOPKIN BENJAMIN ("Defendant Benjamin") is a Officer of Defendant 946 Bushwick Avenue according to the Multiple Dwelling Registration filed with HPD. According to the registration information, Defendant Benjamin maintains an office at 120 West 31st Street, 6th Floor, New York, NY 10001.

## STATEMENT OF FACTS

18. The premises at 946 Bushwick Avenue is a six-story multiple dwelling rent-stabilized building with 53 apartments, some of which are occupied by low-income tenants who are disabled and mobility-impaired.

19. Defendants intend to replace the sole elevator in the building on January 2, 2017, a process that purports to remove the elevator from operation for a period of approximately four to six months.

20. On or about December 6, 2016, the Landlord Defendants posted a notice on the elevator to the tenants of 946 Bushwick Avenue, advising them of the planned elevator shut-down for four to six months, commencing on January 2, 2017.

21. The December 6, 2016 notice neither advised the tenants that they could contact the owner nor offered any accommodations for those with disabilities.

22. On or about December 9, 2016, Plaintiffs' counsel notified Defendants that there are elderly and disabled tenants living in the building who would not be able to leave the building without elevator services.

23. Despite being notified that there are disabled and vulnerable tenants at 946 Bushwick Avenue who require elevator service, Defendants failed to offer reasonable accommodations.

24. On or about December 16, 2016, Plaintiffs' counsel notified Defendants a second time that there are elderly and disabled tenants who need reasonable accommodation. Again, despite being notified, Defendants did not respond.

25. Therefore, it is irrefutable that Defendants had notice that elderly and disabled tenants reside at 946 Bushwick Avenue and need reasonable accommodations.

26. Upon information and belief, Defendants have not taken any appropriate steps to provide, maintain, or modify services in preparation for or execution of the elevator replacement.

27. Moreover, Defendants have failed to ensure that Plaintiffs and other vulnerable tenants will have access to internal building services or egress during the term of the elevator replacement.

28. Plaintiffs cannot safely ascend or descend up to six flights of stairs from their apartments without experiencing extreme pain and risk of falling.

29. Ms. Collado uses her wheelchair to move around in her apartment and has trouble getting in and out of her wheelchair. Her daughter, Gladys Collado, helps her run her daily errands and visit her doctors a couple of times a week. Ms. Collado relies on the elevator to exit

5

the building. Her daughter cannot carry her or the wheelchair up or down the stairs.

30. Mr. Lalane received surgery for his colon cancer in 2000 followed by chemotherapy and radiation for six months. He was in a coma for 14 days.

31. After the surgery, he suffers from its lifelong side effects including constant pain and cramps in the abdomen, weakness and fatigue, and nausea. In addition he suffers from appendicitis, arthritis, asthma, diabetes, and cataracts.

32. He has trouble breathing and has trouble even standing because of the pain, which at times causes him to vomit. When he walks even short distances, his knees start to swell and cannot move for up to 2 minutes. When he tries taking the stairs, he starts to cough and wheeze.

33. Mr. Collado's diabetes is life-threatening and causes sores to form on his feet. Due to his illness, these sores do not heal properly and cause excruciating pain forcing him to wear a brace around his right foot to allow him to walk. He received surgery 8 years ago to remove his pancreas but the scars did not heal properly. When he strains his body, he feels the skin around his scars tearing open. He also suffers from high blood pressure.

34. Ms. Baez suffers from joint weakness and lives on the sixth floor. Due to her age and joint weakness, she has trouble walking and cannot ascend and descend six flights of stairs.

35. Ms. Lopez also suffers from joint weakness and experiences pain when walking long distances and going up and down stairs. Her husband, Justino Lopez, has high blood pressure and had to get stents placed in his arties to reduce the risk of a heart attack.

36. Plaintiffs rely on the elevator multiple times a day to take care of essential daily errands such as grocery shopping, doing laundry, taking out the trash and visiting their doctors.

37. The elevator is essential to their health and livelihood. They use this elevator to socialize with family and friends. For example, Ms. Baez attends church every Tuesday,

Thursday, Friday, and Sunday for service. She has not missed one service for the past ten years.

38. If Defendants remove the elevator from service, Plaintiffs will be trapped in their homes and they would not be able to care for themselves.

39. Without elevator service, Plaintiffs' lives would be in grave danger because in the event of a medical emergency, Plaintiffs would not be able to take the stairs.

40. In the case of a fire or gas leak, Plaintiffs will not be able to vacate the premises.

41. Plaintiffs do not have an alternative place that they can temporarily live at while the elevator is out of service. They do not have any relatives who can provide temporary accommodations for them.

42. Plaintiffs are low-income and cannot afford to move.

43. Plaintiffs, through their attorneys, requested that Defendants provide reasonable accommodation to them. However, Plaintiffs have not received any response as to whether Defendants will provide such an accommodation.

## CAUSES OF ACTION

### First Cause of Action: Violations of Title VIII of the Civil Rights Act of 1968

44. Plaintiffs reallege and incorporate by reference the allegations set forth in this Complaint as if fully set forth herein.

45. Plaintiffs are disabled and/or a handicapped person within the meaning of Title VIII of the Civil Rights Act. 42 U.S.C. § 3602 (h)(1); *see* 24 C.F.R. § 100.201.

46. Defendants' refusal to make reasonable accommodation for Plaintiffs prior to removing the elevator from service as planned at 946 Bushwick Avenue, constitute discrimination against Plaintiffs on the basis of their disability in the provision of services or

facilities in connection with Plaintiffs' dwelling, in violation of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.*

47. Accordingly, pursuant to 42 U.S.C. § 3604 (f)(2), if the elevator is removed from service as planned at 946 Bushwick Avenue, Plaintiffs will be harmed by Defendants' violations of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988.

### Second Cause of Action: Violations of New York State Human Rights Law

48. Plaintiffs reallege and incorporate by reference the allegations set forth in this Complaint as if fully set forth herein.

49. Plaintiffs are disabled and/or handicapped persons within the meaning of the New York State Human Rights Law, N.Y. Exec. Law § 292(21).

50. Defendants' refusal to make reasonable accommodation for Plaintiffs prior to removing the elevator from service as planned at 946 Bushwick Avenue, constitute discrimination against Plaintiffs on the basis of his disability in the provision of services or facilities in connection with Plaintiffs' dwelling in violation of the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*

51. Pursuant to N.Y. Exec. Law § 290 *et seq.*, if the elevator is removed from service as planned at 946 Bushwick Avenue, Plaintiffs will be harmed by Defendants' violations of the New York State Human Rights Law.

### Third Cause of Action: Violations of New York City Human Rights Law

52. Plaintiffs reallege and incorporate by reference the allegations set forth in this Complaint as if fully set forth herein.

8

53. Plaintiffs are disabled and/or a handicapped person within the meaning of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-102(10).

54. Defendants' refusal to make reasonable accommodation for Plaintiffs prior to removing the elevator from service as planned at 946 Bushwick Avenue, constitute discrimination against Plaintiffs on the basis of their disability in the provision of services or facilities in connection with Plaintiffs' dwelling in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*

55. If the elevator is removed from service as planned at 946 Busiwck Avenue, Plaintiffs will be harmed by Defendants' violations of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request that this Court:

(1) Enter a final judgment declaring that Defendants violated:

    a. Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.*, and its implementing regulations;

    b. New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and its implementing regulations; and

    c. New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, and its implementing regulations;

(2) Enter final injunctive relief requiring Defendants to immediately cease and desist from removing the elevator at 946 Bushwick Avenue from service until reasonable accommodations have been made to provide accessible accommodations to Plaintiffs;

(3)     Enter a final judgment awarding Plaintiffs' actual, compensatory, punitive, and nominal damages for injuries and expenses incurred as a result of the preceding violations;

(4)     Allow Plaintiffs' costs and disbursements incurred with this action, including reasonable attorney's fees and expenses under any statute or law authorizing the recovery of such costs, disbursements, fees, and expenses; and

(5)     Grant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 21, 2016

_/s/ Lina Lee_____
Lina Lee (LL 2703)
Travis J. Arrindell (TA 7605)
Shekar Krishnan (SK 9995)
*Of Counsel to Martin S. Needelman, Esq.*
**Brooklyn Legal Services Corporation A**
260 Broadway, Suite 2
Brooklyn, New York 11211
(718) 487-2300

11