UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIA COLLADO, MARINO LALANE,      CV 16-07173
JOSE COLLADO, DELMIRA BAEZ, and
CARMEN LOPEZ,

                          Plaintiffs,      **AFFIRMATION IN OPPOSITION**

      -against-

946 BUSHWICK AVENUE, LLC,
SAFEGUARD REALTY MGNT, INC.,
GRAHAM JONES, and BENJAMIN SOPKIN,

                         Defendants.
-----------------------------------------------------------------X

       David S. Lee, an attorney duly admitted to practice before the Courts of the State of New York, and in the Eastern District Court of New York, does hereby affirm the following to be true under penalties of perjury:

       1.    I am an associate with the law firm of Heiberger & Associates, P.C., attorneys for all Defendants in this action. As such I am familiar with the facts set forth herein and submit this affirmation in opposition to the Order to Show Cause by Plaintiffs seeking a preliminary injunction staying Defendants from repairing and removing the violation placed on the elevator by the New York City Department of Buildings ("DOB"). (A copy of the September 2, 2016 violation placed by the DOB is annexed herein as A.)

       2.    This affirmation is also submitted in opposition to Plaintiffs seeking an order staying Defendants from harassing Plaintiffs in retaliation for allegedly enforcing their rights. It is respectfully submitted that Plaintiffs have not obtained a preliminary injunction yet, and therefore this relief requested is moot as Defendants are not currently

stayed from removing the elevator violation. Accordingly, Defendants will only address the injunctive relief Plaintiffs are seeking.

## THE PARTIES

3.  946 Bushwick Avenue, LLC is the owner of 946 Bushwick Avenue, Brooklyn, NY 11221 (the "Building").

4.  Graham Jones is the head officer of 946 Bushwick Avenue, LLC.

5.  Safeguard Realty Mgnt, Inc. is the management company which oversees the Building.

6.  Benjamin Sorkin is an officer of 946 Bushwick Avenue, LLC.

7.  Plaintiffs are tenants and occupants of the Building alleging to have disabilities which require the use of an elevator.

Maria Collado resides on the second floor in apartment B7;

Marino Lalane resides on the second floor in apartment B8;

Jose Collado resides on the third floor in apartment C8;

Delmira Baez resides on the sixth floor in apartment F2; and

Carmen Lopez resides on the sixth floor in apartment F3.

## RELEVANT FACTS

8.  By deed dated June 18, 2016, 946 Bushwick Avenue, LLC took title to the Building. Said deed was recorded with the New York City Register's Office on August 8, 2016. (A copy of the recorded deed is annexed herein as Exhibit B.)

9.  On September 2, 2016, the DOB placed a violation in the Building for the elevator. (See Exhibit A.)

10. Although the September 2, 2016 violation was the first such violation received by Defendants after taking title, DOB issued three (3) prior violations for the elevator – upon information and belief to the previous owner – on March 31, 2014; August 15, 2012; and January 6, 1998. (Copies of the DOB violations for the elevator are annexed herein as Exhibit C.)

11. On September 26, 2016, Defendants posted notices in English and Spanish throughout the Building and in the common areas that in approximately two to two and a half months, depending on when the DOB permits are obtained, the elevator will be offline for about four to five months. (See also Affidavit of Graham Jones.) (Copies of the notice in English and Spanish are annexed herein as Exhibit D.)

12. On November 29, 2016, Defendants posted notices throughout the Building and in the common areas that the work will commence on January 2, 2017. (See also Affidavit of Graham Jones.) (A copy of the notice in English and Spanish are annexed herein as Exhibit E.)

13. By letter dated December 8, 2016, Plaintiffs' counsel demanded that Defendants not perform any work on the elevator. Plaintiffs' counsel further stated that they will seek a restraining order in federal court if Defendants did not respond by December 16, 2016 at 5:00pm. (A copy of the first letter from Plaintiffs' counsel is annexed herein as Exhibit F.)

14. On December 15, 2016, Defendants posted the DOB work permit and notices on the door of the elevator on every floor stating that the City Building Code requires that all elevators must provide a system to monitor and prevent automatic

operation with faulty door contact circuits by January 1, 2020. (See also Affidavit of Graham Jones.) (Copies of the notice and work permit are annexed herein as Exhibit G.)

15. By letter dated December 16, 2016, Plaintiffs' counsel again demanded that Defendants not perform any work on the elevators. The letter also indicated that if Defendants do not respond by December 16, 2016 at 5:00pm, Plaintiffs would file a temporary restraining order on December 21, 2016. Defendants received the December 16, 2016 letter on December 21, 2016. (A copy of the December 16, 2016 letter and the U.S.P.S. tracking page showing the letter was delivered on December 21, 2016 are annexed herein as Exhibits H and I, respectively.)

16. On December 29, 2016, at or about 3:20pm, Plaintiffs' counsel left a message with Defendants that an order to show cause will be presented on December 30, 2016 at 9:00am seeking a temporary restraining order.

17. On December 30, 2016, this Court declined to sign the temporary restraining order and adjourned this action to January 4, 2017 for research on the issue of reasonable accommodations and whether Defendants are required to relocate the Plaintiffs while the DOB violations are corrected.

18. It is respectfully submitted that Plaintiffs have not met the criteria to be granted injunctive relief, and it is further submitted that Plaintiffs are guilty of laches as the first notices were posted on September 26, 2016 that the elevator would be shut down for approximately four to five months. Notwithstanding such, Defendants are willing to pay for Plaintiffs' temporary relocation provided that they are within the class of people defined as disabled.

## PLAINTIFFS FAILED TO MEET THE CRITERIA FOR INJUNCTIVE RELIEF

19. The criteria for determining whether a preliminary injunction is proper are: (1) the probability of success, (2) irreparable harm, and (3) a balance of hardship. Robert W. Stark, Jr., Inc. v. New York Stock Exchange, 466 F.2d 743 (2d Cir. 1972); Checker Motors Corp. v. Chrysler Corp., 405 F.2d 319 (2d Cir. 1969)

20. Firstly, it must be determined whether Plaintiffs are within the class of persons considered to be disabled since they allege they are disabled in seeking a preliminary injunction staying Defendants from repairing a DOB violation for the elevator. Thus if Plaintiffs fail to make such a showing, it is submitted that Plaintiffs fail to show a probability of success, which is the first prong in seeking a preliminary injunction.

21. The Fair Housing Act sets forth a three prong test to determine such – the Plaintiffs must show: (1) a physical or mental impairment which substantially limits one or more of his or her major life activities; (2) a record of such impairment; and (3) is regarded as having such an impairment. 42 U.S.C. §3602(h)(1)-(3)

22. Although Plaintiffs allege they are disabled due to varying reasons, it is respectfully submitted that they fail to substantiate their disabilities with documentary proof. Instead, such statements are conclusory and in some cases contradictory. For example, Jose Collado (apartment C8) claims he has diabetes which causes sores around his feet. Thus he claims he cannot walk short distances, but Mr. Collado also claims that he uses the elevator multiple times a day to visit family and friends, and pick up medication and groceries. (See Collado Affidavit at ¶14.) Respectfully, Mr. Collado does not claim that his current alleged disability prevents him from performing any major

life activities. To reiterate, he visits family and friends, goes grocery shopping, and picks up his medication.

23. The same could be said with respect to Marino Lelane (apartment B8). Mr. Lelane claims that he is a cancer survivor, having underwent surgery in 2000. He further claims that he cannot see a foot in front of him. Notwithstanding such, Mr. Lelane states that he takes the elevator multiple times a day to run errands, do the laundry, go to the supermarket, pick up medication, and visit his doctors. (See Lelane Affidavit at ¶14.) Similar to Jose Collado, Mr. Lelane does allege that one or more major life activities are impaired due to his alleged disability.

24. The same can be said about Carmen Lopez (apartment F3). She claims to have joint weakness around her knees, but uses the elevator multiple times a day to run daily errands such as grocery shopping and laundry. Ms. Lopez also has a part time job. (See Affidavit of Carmen Lopez at ¶4&8.) And with respect to what she states about her husband, it is submitted that such is inadmissible hearsay – notwithstanding such, it is submitted that her husband having high blood pressure is not conclusive of a disability, or that one or major life activity is impaired.

25. With respect to Delmira Baez (apartment F2), it is submitted that she fails to show that a disability has impaired one or more major life activity. As set forth in her Affidavit, Ms. Baez uses the elevator multiple times a day to run errands such as grocery shopping, laundry, taking out the trash, and visits friends and family as well as church. (See Baez Affidavit at ¶4.) As such, Ms. Baez is not disabled within the meaning of the Fair Housing Act.

26. Accordingly, Jose Collado, Marino Lelane, Carmen Lopez, and Delmira Baez are not within the class of people considered to be disabled. As an example of a major life activity being impaired, Plaintiffs allege that Maria Collado (apartment B7) has been wheelchair bound for the past eight (8) years. If that is true, then Maria Collado is considered to be disabled since walking is a major life activity. No other Plaintiff at bar has alleged such a condition.

27. However, with respect to Maria Collado, it is submitted that injunctive relief is not appropriate because the balanced hardships do not tip in her favor even if she is likely to succeed, which she is not. As set forth in the Affidavit of Graham Jones, the elevator was built in the 1960's and is approximately sixty (60) years old, and upon information and belief, it is a single speed AC unit. It is no longer manufactured or installed because these types of elevators cannot be made to level within half an inch of the floor platform when it comes to a stop, as required by the New York State Code. The elevator currently in the Building stops at approximately two to four inches from the floor platform and is a tripping hazard to all tenants, in addition to being in danger of shutting down at any time. (See Affidavit of Graham Jones.)

28. Moreover, Maria Collado failed to notify Defendants of her alleged disability until this action was commenced. As 946 Bushwick Avenue, LLC purchased the Building approximately six (6) months ago on June 16, 2016, Defendants do not have intimate knowledge of the tenants, and certainly was not aware that Maria Collado is wheelchair bound. In addition, the December 2016 letters from Plaintiffs' counsel are conclusory without any documentation or reference to which tenants in the Building are allegedly disabled. As such, there is an element of laches with respect to Plaintiffs'

claims – and Defendants would be severely prejudiced since the contract with the elevator company has already been executed on September 26, 2016, the deposit has already been paid on September 27, 2016, and Defendants are required to repair the violations and upgrade the elevator pursuant to Chapter K3 of Appendix K, Section 3.10.12 of the New York City Building Code. (Copies of the elevator service contract, invoice, and proof of payment are annexed herein as Exhibits J, K, and L, respectively.)

29. Notwithstanding the above, and as set forth in the Affidavit of Graham Jones, Defendants will pay for Maria Collado's temporary relocation and waive the rent during the time she is relocated to another apartment. Although Defendants would re-locate her to another apartment owned by Defendants, it is submitted that no such habitable vacancy exists. Defendants own three (3) other buildings in Brooklyn, two of which are walk ups without vacancies on the first floor, and the vacancies in the third building are all slated for demolition. Indeed, it can be said that if Plaintiffs had reached out to Defendants sooner and shown that Maria Collado is wheelchair bound, then Defendants may have been able to arrange for temporary re-location to a unit in another building they own. However, they failed to do so. Instead, Plaintiffs commenced this action after sending two conclusory letters to Defendants in December 2016.

30. Moreover, Plaintiffs' counsel could have contacted this law office because they should have been aware or reasonably should have been aware that this law office represents Defendants: In a summary proceeding in Kings Housing Court, this law office represented 1075 Greene LLC, the owner of 1075 Greene Avenue, Brooklyn, NY. Plaintiffs' counsel submitted a Notice of Appearance to your affirmant personally and has my contact information. Although Plaintiffs' counsel indicated in their December 2016

letters (see Exhibits F and H herein) that they represent an association of tenants living in the Building and 1075 Greene, they failed to contact this law office to even inquire whether we represent the Defendants. Instead, they continued to contact Defendants despite knowing they are represented by counsel. It can be said that such conduct is borderline unethical and precludes Plaintiffs from claiming that Defendants did not respond to their December 2016 letters. (A copy of Plaintiffs' counsels' Notice of Appearance from the summary proceeding is annexed herein as Exhibit M.)

31. To reiterate, and as this Court noted on December 30, 2016, there are forty-eight other apartments in the Building with tenants and occupants. This Court must consider the hazard the elevator may present to the other tenants, not to mention the Plaintiffs, and balance the equities. As such, it is submitted that Plaintiffs failed to meet the criteria for a preliminary injunction.

32. In a case with similar facts, Picaro v. Pelham 1135, LLC, 2014 WL 4678265 (S.D.N.Y. 2014), the court declined to issue a preliminary injunction where the Plaintiffs failed to show a likelihood of success on the merits, and where the balanced hardships did not tip in their favor. In analyzing the issues, the court held:

> "Under New York City Law, an accommodation is reasonable if it 'can be made' and 'shall not cause undue hardship in the conduct of the [landlord's] business. The [landlord] shall have the burden of proving undue hardship.' N.Y.C. Admin. Code § 8–102(18). Of course, what constitutes an undue hardship is measured in relation to the needs of the plaintiff and the specific circumstances of the defendant."

Picaro, may be distinguished from the case at bar since the parties did not dispute that the tenants in Picaro are disabled or that a reasonable accommodation is necessary to provide them fair access to their dwellings. The dispute was with respect to the proposed

accommodations the landlord offered: to move the tenants downstairs to a ground floor apartment, whereas the tenants desired to be carried up and down the stairs and to have a porter available four hours a day to bring up his mail, groceries, and other items. (A copy of Picaro v. Pelham 1135, LLC (which is an unreported decision) is annexed herein as Exhibit N.)

33. The Picaro court found the tenants' request for accommodation to be unduly difficult on the landlord, and denied the preliminary injunction as they could not show a likelihood of success on the merits, and the balanced hardships did not tip in favor of the tenants. In the case at bar, Plaintiffs fail to plead any reasonable accommodations. They simply argue that Defendants cannot repair the violation and upgrade the elevator as required by the New York City Building Code, and for the good of all tenants.

34. To reiterate, the elevator repair work is for the benefit of all the tenants in the Building; Defendants posted notices on September 26, 2016 in English and Spanish advising the tenants of the repair work; and entered into a contract with the elevator service company on September 26, 2016 and paid the deposit on September 27, 2016.

35. Also, in Logan v. Matveevskii, 57 F. Supp.3d 234 (S.D.N.Y. 2014), the court held that to prove a landlord failed to make a reasonable request under the Fair Housing Act of the Americans with Disabilities Act, the plaintiff must establish a *prima facie* case of discrimination by demonstrating: (1) its residents suffer from a disability within the meaning of the FHA and the other statutes; (2) it requested a 'reasonable accommodation' from the landlord; and (3) the landlord denied that accommodation.

36. In the case at bar, Plaintiffs never requested a fact specific reasonable accommodation such as being re-located to another building. Rather, Plaintiffs sent

Defendants a conclusory letter that there are disabled tenants in the Building without any such proof or references to which tenant and the nature of their disability. "Ordinarily, the duty to make reasonable accommodations is framed by the nature of the particular handicap." Salute v. Stratford Greens Garden Apartments, 136 F.3d 293, 301 (2d Cir.1998).

22. Also, Plaintiffs cannot satisfy the third prong because Defendants did not deny any request for reasonable accommodation. Therefore it is submitted that none of the five Plaintiffs can show a likelihood of success on the merits since Defendants did not deny a reasonable accommodation, and no specific accommodation was requested by Plaintiffs.

**WHEREFORE**, it is respectfully requested that Plaintiffs' Order to Show Cause be denied in its entirety, and that Defendants be granted such other and further relief as to the Court deems proper and just under the circumstances.

Dated: New York, New York
January 3, 2016

David S. Lee

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIA COLLADO, MARINO LALANE,   CV 16-07173
JOSE COLLADO, DELMIRA BAEZ, and
CARMEN LOPEZ,

                       Plaintiffs,   **AFFIDAVIT IN**
                                                              **OPPOSITION**

   -against-


946 BUSHWICK AVENUE, LLC,
SAFEGUARD REALTY MGNT, INC.,
GRAHAM JONES, and BENJAMIN SOPKIN,

                       Defendants.
-----------------------------------------------------------------X

STATE OF NEW YORK   )
                             : ss.:
COUNTY OF NEW YORK )

       Graham Jones, being duly sworn disposes and says:

       1.    I am a named Defendant in this action and the head officer and principal of 946 Bushwick Avenue, LLC. As such I am fully familiar with this proceeding. This affidavit is based on my personal knowledge and the files kept in the ordinary course of business with respect to 946 Bushwick Avenue, Brooklyn, NY 11221 (the "Building")..

       2.    On September 2, 2016, the DOB placed a violation in the Building for the elevator. (A copy of the DOB violation is annexed herein as Exhibit A.)

       3.    Although the September 2, 2016 violation was the first such violation received by Defendants after taking title, DOB issued three (3) prior violations for the elevator – upon information and belief to the previous owner – in March 31, 2014; August 15, 2012; and January 6, 1998. (Copies of the DOB violations for the elevator are annexed herein as Exhibits C.)

4. On September 26, 2016, Defendants posted notices in English and Spanish throughout the Building and in the common areas that in approximately two to two and a half months, depending on when the DOB permits are obtained, the elevator will be offline for about four to five months. (Copies of the notice in English and Spanish are annexed herein as Exhibit D.)

5. On November 29, 2016, Defendants posted notices in English and Spanish throughout the Building and in the common areas that the work will commence in January 2, 2017. (A copy of the notice in English and Spanish are annexed herein as Exhibit E.)

6. On December 15, 2016, Defendants posted the DOB work permit and notices on the door of the elevator on every floor stating that the City Building Code requires that all elevators must provide a system to monitor and prevent automatic operation with faulty door contact circuits by January 1, 2020. (A copy of the notice and work permit are annexed herein as Exhibit G.)

7. Although Plaintiffs' counsel sent letters dated December 8th and 16th, 2016, such letters were not received until on or about December 12, 2016 and December 21, 2016, respectively. These letters did not state with any specificity the tenants who are allegedly disabled, or the nature of their disability. Moreover, Plaintiffs' counsel should have known that Defendants are represented by counsel as they appeared on a summary proceeding which I personally have been overseeing. Accordingly, Plaintiffs' counsel should have sent the letters to my counsel, but notwithstanding their failure to do so, Defendants were waiting for confirmation of the nature of the alleged disabilities. Certainly the Defendants are not required to reasonably accommodate a tenant unless they are considered disabled by law.

8. However, no such confirmation was forthcoming. And Plaintiffs' counsel's indication that it would commence an action in federal court by December 21, 2016 if Defendants did not respond was mooted by the fact that the letter was received on December 21, 2016.

9. On December 29, 2016, at or about 3:20pm, Plaintiffs' counsel left a message with Defendants that an order to show cause will be presented on December 30, 2016 at 9:00am seeking a temporary restraining order, at which point I advised my counsel and inquired if Plaintiffs' counsel had ever reached out to him.

10. As set forth in the Affirmation of David S. Lee, Jose Collado, Marino Lelane, Carmen Lopez, and Delmira Baez are not within the class of people considered to be disabled. In regards to Maria Collado, Defendants are willing to pay for her temporary relocation and waive the rent during the time the elevator is being repaired and upgraded. If there were suitable apartments on the ground floor of the Building, Defendants would certainly offer it to her. However, there are no such vacancies and although Defendants own three (3) other buildings in Brooklyn, two of them are walk ups without any vacancies on the first floor, and the third building does not have any habitable vacancies as they are slated for demolition.

11. Indeed, if Maria Collado or her attorneys notified Defendants sooner, when the initial notices were posted on September 26, 2016, Defendants may have been able to offer a unit in a building it owns. Notwithstanding their delay, Defendants can offer to pay for her relocation and waive the rent while she resides elsewhere.

12. Respectfully, the elevator must be repaired or Defendants will be subject to further violations and/or fines, and the elevator must be replaced because: The elevator was built in the 1960's, is approximately sixty (60) years old, and upon information and belief, it is a

single speed AC unit. It is no longer manufactured or installed because these types of elevators cannot be made to level within a half an inch of the floor platform as required by the New York State Code. The elevator currently in the Building stops at approximately two to four inches from the floor platform and is a tripping hazard to all tenants, in addition to being in danger of shutting down at any time. As such, not only are Defendants required to repair and upgrade the elevator pursuant to the New York City Department of Buildings Code, the repair and upgrade is for the sake of all tenants in the Building, including the Plaintiffs.

13. Also, as a result of Plaintiffs' delay, Defendants would be severely prejudiced since the contract with the elevator company has already been executed, the deposit has already been paid, and Defendants are required to repair the violations and upgrade the elevator pursuant to Chapter K3 of Appendix K, Section 3.10.12 of the New York City Building Code. (Copies of the elevator service contract, invoice, and proof of payment are annexed herein as Exhibits L, M, and N, respectively.)

**WHEREFORE**, it is respectfully requested that Plaintiffs' Order to Show Cause be denied in its entirety, and that Defendants be granted such other and further relief as to the Court deems proper and just under the circumstances.

/S_____
Graham Jones

Sworn to before me this
4th Day of January, 2017

*[signature]*
Notary Public

DAVID S. LEE
Notary Public, State of New York
No. 02LE6237275
Qualified in New York County
Commission Expires March 21, 2015

## Affirmation of Service

David S. Lee, an attorney duly admitted to practice before the Courts of the State of New York, does hereby affirm the following to be true under penalties of perjury:

On January 4, 2017, I served the Affirmation in Opposition and supporting papers upon Plaintiffs' attorneys, by e-mail to 'llee@bka.org' and 'tarrindell@bka.org'

Dated: New York, New York
January 4, 2017

David S. Lee

DISTRICT COURT
E.D.N.Y.   CV 16-07173

COURT
STATE OF NEW YORK, COUNTY OF                    Index No.                    Year

---

MARIA COLLADO, MARINO LELANE, JOSE COLLADO, DELMIRA BAEZ, and CARMEN LOPEZ,

Plaintiffs,

-against-

946 BUSHWICK AVENUE, LLC, SAFEGUARD REALTY MGNT, INC., GRAHAM JONES, and BENJAMIN SOPKIN,

Defendants.

---

AFFIRMATION IN OPPOSITION

---

HEIBERGER & ASSOCIATES, P.C.
ATTORNEYS AT LAW
Attorney(s) for DEFENDANTS

Office and Post Office Address, Telephone

589 Eighth Avenue
10th Floor
NEW YORK, N.Y. 10018
(212) 532-0500

---

To

Signature (Rule 130-1.1-a)

Print name beneath David S. Lee

Service of a copy of the within is hereby admitted.

Dated:

Attorney(s) for

---

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                                 of which the within is a true copy
will be presented for settlement to the HON.                                  one of the judges of the
within named Court, at
on                              at              M.
Dated,

Yours, etc.

HEIBERGER & ASSOCIATES, P.C.